UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**ZACHARY COLVIN**,
individually and on behalf of
all those similarly situated,

      Plaintiff,

  v.

**SOUTHWEST HEALTH CENTER, INC.**,

      Defendant.

Case No. 23-cv-303

---

**COLLECTIVE AND CLASS ACTION COMPLAINT**

---

**PRELIMINARY STATEMENT**

1.    This lawsuit is a collective and class action brought by Individual and Representative Plaintiff, Zachary Colvin, on behalf of himself and on behalf of the proposed classes, against Southwest Health Center, Inc. ("Southwest"). Colvin worked for Southwest as a paramedic. Southwest paid Colvin and other similarly situated employees an hourly wage. Southwest regularly scheduled Colvin and similarly situated employees for two 24-hour shifts in a workweek. If Colvin and other similarly situated employees worked additional 24-hour shifts in a workweek, Southwest would pay the employee a bonus. Colvin and other similarly situated employees regularly worked more than 40 hours in a workweek. However, Southwest did not pay Colvin and other similarly situated employees at a rate of one and one-

half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek in violation of the Fair Labor Standards Act ("FLSA") and Wisconsin law.

## JURISDICTION AND VENUE

2. The Court has original jurisdiction over Colvin's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Colvin's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Colvin's FLSA claims.

3. Venue is proper in the United States District Court for the Western District of Wisconsin under 28 U.S.C. § 1391(b)(1) and (2) because Southwest resides in this district and because the events and omissions giving rise to these claims occurred in this district.

## PARTIES

4. Zachary Colvin is an adult resident of Cuba City, Wisconsin. Colvin has consented in writing to assert claims for overtime wages under the FLSA. His consent form is filed as **Exhibit 1**.

5. Southwest Health Center, Inc., is a non-stock corporation with its principal office at 1400 East Side Road, Platteville, Wisconsin 53818. Its registered agent is Daniel D. Rohrbach at 1400 East Side Road, Platteville, Wisconsin 53818.

## FACTUAL ALLEGATIONS

6. Southwest operates hospitals.

7. Southwest is not a public agency.

8. Throughout the three years preceding the filing of this action, Colvin and the putative class members worked as paramedics for Southwest.

9. Throughout the three years preceding the filing of this action, Colvin and the putative class members worked more than 40 hours in at least one workweek.

10. Throughout the three years preceding the filing of this action, Southwest had uniform policies and practices applicable to paramedics.

11. Southwest paid paramedics an hourly wage.

12. Southwest regularly scheduled paramedics for two 24-hour shifts in a workweek.

13. Southwest paid paramedics a bonus for working additional 24-hour shifts in a workweek.

14. Southwest regularly scheduled paramedics to work more than 40 hours in a workweek.

15. Paramedics regularly worked more than 40 hours in a workweek.

16. Southwest did not pay paramedics for hours worked in excess of 40 hours in a workweek.

17. As a result of these uniform policies and practices, Southwest failed to pay Colvin and the putative class members at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

18. Colvin brings this action on behalf of himself and on behalf of all other similarly situated employees pursuant to 29 U.S.C. § 216(b). The **Collective Class** is defined as follows:

> All persons who have been or are employed as paramedics by Southwest Health, Inc., at any time during the past three years and who worked more than 40 hours in at least one workweek during the past three years.

19. Colvin brings this action on behalf of himself and on behalf of all other similarly situated employees pursuant to Federal Rule of Civil Procedure 23. The **Wisconsin Overtime Class** is defined as follows:

> All persons who have been or are employed as paramedics by Southwest Health, Inc., at any time during the past two years and who worked more than 40 hours in at least one workweek during the past two years.

## CLASS ALLEGATIONS

20. The members of the Wisconsin Overtime Class are so numerous that joinder of all members is impracticable. On information and belief, there are at least 22 members of the Wisconsin Overtime Class.

21. There are questions of law and fact common to the Wisconsin Overtime Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including:

   a. Whether Southwest maintained a policy or practice of failing to pay paramedics for hours worked in excess of 40 hours in a workweek.

   b. Whether Southwest maintained a policy or practice of failing to pay paramedics at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek; and

   c. The proper measure of damages sustained by Colvin and the Wisconsin Overtime Class.

22. Colvin's claims are typical of those of the Wisconsin Overtime Class. Colvin, like other members of the Wisconsin Overtime Class, was subjected to Southwest's policies and practices of failing to pay paramedics for hours worked in

4

excess of 40 hours in a workweek and failing to pay paramedics one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek. As a result, Colvin, like other members of the Wisconsin Overtime Class, suffered wage loss.

23. Colvin will fairly and adequately protect the interests of the Wisconsin Overtime Class and has retained counsel experienced in complex wage and hour litigation.

24. Certification of the Wisconsin Overtime Class is appropriate under Rule 23(b)(3) because questions of law and fact common to the Wisconsin Overtime Class predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Southwest's uniform policies and practices denied the Wisconsin Overtime Class the wages for work performed and to which they are entitled. The damages suffered by each class member are small compared to the expense and burden of individually litigating each class member's claim. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Southwest's pay practices.

25. Colvin intends to send notice to all members of the Wisconsin Overtime Class to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME IN VIOLATION OF
## THE FAIR LABOR STANDARDS ACT

26.  Colvin, individually and on behalf of the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

27.  Southwest has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

28.  Southwest has been, and continues to be, an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(B).

29.  Colvin and the Collective Class are or were employees of Southwest within the meaning of 29 U.S.C. § 203(e).

30.  Colvin and the Collective Class are not exempt from the overtime pay requirements of the FLSA.

31.  As alleged above, throughout the three years preceding the filing of this action, Southwest failed to pay Colvin and the Collective Class at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

32.  This violates 29 U.S.C. § 207(a), which requires employers to compensate non-exempt employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

33.  Southwest knew or showed reckless disregard for the fact that it failed to pay Colvin and the Collective Class overtime wages in violation of the FLSA.

34. Colvin and the Collective Class suffered wage losses as a result of Southwest's violations of the FLSA.

## SECOND CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME IN VIOLATION OF WISCONSIN LAW

35. Colvin, individually and on behalf of the Wisconsin Overtime Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

36. Southwest has been, and continues to be, an employer within the meaning of Wis. Stat. §§ 103.01(1) and 109.01(2).

37. Colvin and the Wisconsin Overtime Class are or were employees of Southwest within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r) and Wis. Admin. Code § DWD 274.015.

38. Colvin and the Wisconsin Overtime Class are not exempt from the overtime pay requirements of Wisconsin law.

39. As alleged above, throughout the two years preceding the filing of this action, Southwest failed to pay Colvin and the Wisconsin Overtime Class at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

40. This violates Wis. Admin. Code § DWD 274.03, which requires employers to compensate non-exempt employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

41. This also violates Wis. Stat. § 109.03, which requires payment of all earned wages within 31 days of when they are earned.

42. Southwest's violation of Wisconsin law was dilatory and unjust.

43. Colvin and the Wisconsin Overtime Class suffered wage losses as a result of Southwest's violations of the Wisconsin law.

ACCORDINGLY, Colvin demands the following relief:

A. An order designating this action as a collective action and authorizing issuance of notice pursuant to 29 U.S.C. § 216(b) to Collective Class;

B. An order certifying this action as a class action on behalf of the proposed Wisconsin Overtime Class under Federal Rule of Civil Procedure 23(b)(3);

C. An order designating Zachary Colvin as representative of the Wisconsin Overtime Class;

D. An order designating Hawks Quindel, S.C., as class counsel;

E. An order declaring that Southwest violated the FLSA and Wisconsin wage and hour laws;

F. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

G. Judgment against Southwest in the amount equal to Colvin's, the Collective Class's, and the Wisconsin Overtime Class's unpaid back wages at the applicable overtime rates;

H. An award in the amount of all liquidated damages and penalties as provided under the FLSA and Wisconsin wage and hour laws;

I. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

J. Leave to amend the Complaint to add additional claims; and

    K.    Any further relief as the Court deems just and equitable.

Submitted on this 10th day of May, 2023.

                                Attorneys for the Plaintiff

                                By:   *s/ David C. Zoeller*
**HAWKS QUINDEL, S.C.**
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Natalie L. Gerloff, State Bar No. 1117798
Email: ngerloff@hq-law.com
Connor J. Clegg, State Bar No. 1118534
Email: cclegg@hq-law.com
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236