## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims, along with all exhibits hereto (collectively, "Agreement"), is entered into by and between Southwest Health Center, Inc. ("Defendant"), and Zachary Colvin ("Class Representative") for himself and on behalf of a class and collective class of all similarly situated employees, in the case of *Zachary Colvin v. Southwest Health Center, Inc.*, 3:23-cv-303-wmc in the United States District Court for the Western District of Wisconsin ("Lawsuit").

## RECTIALS

WHEREAS, Class Representative filed the Lawsuit against Defendant under the Fair Labor Standards Act ("FLSA") and Wisconsin wage payment and overtime laws as a class and collective action to recover unpaid overtime wages, liquidated damages, civil penalties, and attorneys' fees and costs on May 10, 2023;

WHEREAS, Defendant filed an Answer denying the material allegations in the Complaint on July 21, 2023;

WHEREAS, Class Representative is represented in the Lawsuit by attorneys from the law firm of Hawks Quindel, S.C. ("Class Counsel"), who have conducted a thorough investigation of the facts pertinent to the allegations in the Complaint and have likewise investigated the law regarding the claims against Defendant and asserted defenses;

WHEREAS, Class Representative recognizes the risks and expense associated with a trial of his claims and any further appeals that may follow and the uncertainty

inherent in complex litigation and has concluded that the settlement set forth in this Agreement is in his best interests and the best interests of the Classes;

WHEREAS, Defendant denies that it is liable to the Class Representative or the Classes and denies that its actions violated the FLSA or Wisconsin wage-and-hour laws. Defendant's counsel has conducted a thorough investigation of the facts pertinent to the allegations in the Complaint and likewise has investigated the law regarding the claims against Defendant and the asserted defenses. Defendant is willing to enter into this Agreement to avoid the further expense, uncertainty, and inconvenience of litigation, and has concluded that it is in its best interest to resolve and settle all claims which have been made, or could be made, against it by the Classes arising out of the matters alleged in the Complaint and Defendant's alleged violations of the FLSA and Wisconsin wage-and-hour laws; and

WHEREAS, the parties have agreed to settle this case as to the FLSA Collective Class and Rule 23 Class (collectively "Class Members"), as identified in **Exhibit A** to this Agreement;

NOW THEREFORE, the parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

1. **CLASS DEFINITIONS**. For purposes of this settlement only, the parties agree to the Court's certification of the following Classes under 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23:

> a. **FLSA Collective Class**: All persons who have been employed by Southwest Health Center, Inc., as a paramedic, EMT, or AEMT

classified as exempt from overtime wages and who worked more than 40 hours in at least one workweek during the three years preceding the filing of this Lawsuit, between May 10, 2020, and April 9, 2023.

b. **Rule 23 Class:** All persons who were employed by Southwest Health Center, Inc., as a paramedic, EMT, or AEMT classified as exempt from overtime wages and who worked more than 40 hours in at least one workweek during the two years preceding the filing of this Lawsuit, between May 10, 2021, and April 9, 2023.

For purposes of this Agreement, the putative members of these classes shall include only the individuals named in **Exhibit A** of this Agreement. The "Final Classes" will consist of all members of these classes and shall not include those who timely exclude themselves from either or both classes.

2. **PAYMENTS.** Defendant shall pay the sum of $102,398.79, to be apportioned as follows:

a. $68,265.86 payable to members of the Final Classes, with each member to receive a pro rata share of this amount based on their damages calculated as follows:

1. For the FLSA Collective Class: The full settled claim value for each member is an amount equivalent to 100% liquidated damages for their two-year claim value and full payment of unpaid overtime wages during the third year of their claim.

2. For the Rule 23 Class: The full settled claim value for each member is 25% liquidated damages for the prorated two-year claim value.

3. Subject to modification pursuant to § 2.b, prorated shares for each class member shall be 78.11% of their full settled claim value, as defined above.

b. $34,132.93 shall be attributed to Class Counsel's attorneys' fees and costs and settlement administration costs. Class Counsel shall petition the Court for this award, and Defendant does not oppose that petition. This amount equals 33.33% of the settlement sum. Defendant agrees to issue Hawks Quindel, S.C., an IRS Form 1099

in the amount of all attorneys' fees and costs and administration costs awarded by the Court and paid by Defendant. If the Court awards less than $34,132.93 in attorneys' fees and costs, the difference between those amounts shall be redistributed to the members of the Final Classes through the methods described in § 2.a.

c. Calculations of the Final Classes members' individual awards shall be included in an attachment to the parties' Motion for Final Approval. These calculations shall be subject to modification pursuant to § 2.b.

d. Any unclaimed settlement funds shall be paid in accordance with § 11 of this Agreement.

3. **EFFECTIVE DATE**. The Effective Date of this Agreement shall be the date of the entry of the Court's final order and judgment approving this Agreement ("Final Order") if no objections to the settlement are made by the time of the fairness hearing. If valid objections to this Agreement, as provided herein, have been made by the time of the fairness hearing, the Effective Date shall be the later of:

(a) If no appeal has been taken from the Final Order, the date of the expiration of the time to appeal from the Final Order; or

(b) If an appeal has been taken from the Final Order, the date upon which all appeals, including petitions for leave to appeal, certiorari, rehearing, or any proceedings resulting therefrom, have been finally disposed of in such a manner that the Agreement is affirmed in its entirety and the settlement may be consummated without change.

The parties waive their rights to appeal any Final Order approving this Agreement.

4. **SETTLEMENT PAYMENTS**. Within 21 days of the Effective Date, Defendant shall remit the following to Class Counsel at Hawks Quindel, S.C., Attn: Natalie L. Gerloff, P.O. Box 2155, Madison, WI 53701:

a. A check payable to each member of the Final Classes in the amount of the portion of that member's award deemed Wages, less required holdings and payroll taxes. This will apply only to the respective third-year claim portions for each member of the Final FLSA

4

Collective Class as two-year claim wages were repaid prior to the settlement.

b. A check payable to each member of the Final Classes in the amount of the portion of that member's award deemed Liquidated Damages. All payments to the Final Rule 23 Class will fall under this type, as two-year claim wages were repaid prior to settlement. All other payments to the Final FLSA Collective Class, except those described above in § 4.a, will fall under this type.

c. A check payable to Hawks Quindel, S.C., in the amount of the attorneys' fees and costs and administration costs approved by the Court.

All checks shall state that they must be cashed within 180 days of issuance.

Within 14 days of receipt of these checks, Class Counsel shall send to each member of the Final Classes their Wage check and Liquidated Damages check, as applicable, via First-Class U.S. Mail. For all checks returned as undeliverable, Class Counsel shall perform a "skip trace" or other appropriate identification method to identify proper current addresses and shall re-mail the checks to all such members of the Final Classes. Class Counsel shall send Defendant a list of all checks that were returned as non-deliverable. After the conclusion of the 180-day check-cashing period, Defendant shall send Class Counsel a list of all checks that have not been cashed.

5.    **RELEASE OF CLAIMS FOR FLSA COLLECTIVE CLASS**. Upon the Effective Date, each member of the FLSA Collective Class who has opted in to the FLSA collective in the Lawsuit and who has not opted out of this Agreement as provided herein, including their present, former, and future agents, representatives, attorneys, heirs, administrators, executors, assigns, or other person acting on their behalf or for their benefit, hereby releases and discharges Defendant and its predecessors and successors in interest, and its present, former, and future affiliates,

parents, subsidiaries, related parties, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, collectors, brokers, assigns, or entities for which Defendant performs services (including, without limitation, any investors, trusts, or other similar entities) (collectively, "Releasees") from any causes of action, suits, claims, or demands, known or unknown at the time, that the class member now has or ever has had against the Releasees under the FLSA arising out of Defendant's alleged failure to pay overtime wages during the three years preceding the filing of the class member's consent form.

6.    **RELEASE OF CLAIMS FOR RULE 23 CLASS**. Upon the Effective Date, each member of the Rule 23 Class who has not opted out of this Agreement as provided herein, including their present, former, and future agents, representatives, attorneys, heirs, administrators, executors, assigns, or other person acting on their behalf or for their benefit, hereby releases and discharges Defendant and its predecessors and successors in interest, and its present, former, and future affiliates, parents, subsidiaries, related parties, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, collectors, brokers, assigns, or entities for which Defendant performs services (including, without limitation, any investors, trusts, or other similar entities) (collectively, "Releasees") from any causes of action, suits, claims, or demands, known or unknown at the time, that the class member now has or ever has had against the Releasees under the Wisconsin law arising out of

Defendant's alleged failure to pay overtime wages during the two years preceding the filing of the Lawsuit.

7.    **JOINT MOTION FOR PRELIMINARY APPROVAL**. The parties shall jointly prepare a motion for preliminary approval of this Agreement no later than August 16, 2024, which will include a proposed order that:

a. Preliminarily approves this Agreement as fair, reasonable, and adequate;

b. Certifies the Rule 23 Class pursuant to Federal Rule of Civil Procedure 23 for the purpose of settlement;

c. Certifies the FLSA Collective Class pursuant to 29 U.S.C. § 216(b) for the purpose of settlement;

d. Appoints Zachary Colvin as Class Representative;

e. Appoints Hawks Quindel, S.C., as Class Counsel;

f. Directs notice to the class in the form of **Exhibit B** attached to this agreement ("Class Notice") for distribution to all members of the FLSA Collective Class and the Rule 23 Class in the manner described in § 9 of this Agreement;

g. Finds that the Class Notice constitutes the best notice practicable under the circumstances;

h. Directs that each class member who wishes to be excluded from the Settlement must request exclusion no later than 45 days after the mailing of the Class Notice per the instructions set forth in the Class Notice (the "Notice Period"), and that their request must be received by the date set forth in the Court's preliminary approval order;

i. Directs Class Counsel to file any request for exclusion with the Court;

j. Directs that each class member who has not properly and timely requested exclusion shall be bound by this Agreement if the Court grants final approval to this Agreement, regardless of whether the class member cashes his or her settlement check;

7

k.  Schedules a fairness hearing no sooner than 100 days after the Court's preliminary approval order to determine whether this Agreement should be approved as fair, reasonable, and adequate;

l.  Directs the parties to submit a motion for final approval at least 21 days prior to the fairness hearing;

m.  Directs that Class Counsel shall file a motion for attorneys' fees and costs and administration costs at least 21 days prior to the fairness hearing; and

n.  Directs any class member who wishes to object in any way to the proposed Agreement to file and serve such written objection per the instructions set forth in the Class Notice no later than 45 days after the mailing of the Class Notice, together with copies of all papers in support of their position. The Class Notice shall state that the Court will not consider objections of any class member who has not properly and timely served copies of their objections.

8.    **CAFA NOTICE.** Within 10 days of filing the motion for preliminary approval, Defendant shall file notice of the proposed settlement with the Wisconsin Attorney General as required by 28 U.S.C. § 1715(b).

9.    **NOTICE PROCEDURE**. Within 14 days of the Court's preliminary approval order, Class Counsel shall deliver a printed copy of the Class Notice, as approved by the Court, to each Class Member by First-Class U.S. Mail, as well as an electronic copy of the Class Notice to each Class Member for whom Defendant has provided an email address. For all printed Class Notices returned as undeliverable, Class Counsel shall perform a "skip trace" or other appropriate identification method to identify proper current addresses and shall re-mail the Class Notice to all such Class Members. To assist Class Counsel in identifying proper current addresses, Defendant shall provide partial Social Security numbers or other identifying information for those Class Members upon Class Counsel's request. If Class Counsel

8

is unable to identify an alternative address for any Class Member whose printed copy

of the Class Notice is returned, or if a second Class Notice sent to any Class Member

is returned as undeliverable, the parties shall be deemed to have satisfied their

obligation to provide the applicable Class Notice to that Class Member.

      10.    **JOINT MOTION FOR FINAL APPROVAL**. The parties shall jointly

prepare a proposed motion for final approval, which will include a proposed order

that:

a. Certifies the Rule 23 Class pursuant to Federal Rule of Civil Procedure 23 for the purpose of judgment on the proposal;

b. Certifies the FLSA Collective Class pursuant to 29 U.S.C. § 216(b) for the purpose of judgment on the proposal;

c. Approves this Agreement as fair, reasonable, and adequate;

d. Declares this Agreement to be binding on Defendant, Class Representative, and the members of the Final Classes;

e. Dismisses the Lawsuit with prejudice and without further costs to either party;

f. Dismisses the released claims of the Final Classes with prejudice and without further costs to either party;

g. Dismisses without prejudice the claims of the members of the FLSA Collective Class who have failed to consent to opt in to this Agreement or who have properly and timely excluded themselves from this Agreement;

h. Dismisses without prejudice the claims of the members of the Rule 23 Class who have properly and timely excluded themselves from this Agreement;

i. Awards Class Counsel $34,132.93 in attorneys' fees and costs and settlement administration costs; and

j.  Incorporates this Agreement into the Court's judgment for the purpose of retaining jurisdiction to enforce the Agreement.

11.  **UNCLAIMED SETTLEMENT FUNDS.** Any settlement funds remaining unclaimed at the end of the 180-day check-cashing period, whether due to the failure of a member of the Final Classes to timely cash their check, Class Counsel's inability to locate a member of the Final Classes, or any other reason, shall be paid to the First Responders Children's Foundation. Defendant shall send a check to Class Counsel in the total amount of all unclaimed funds, payable to "First Responders Children's Foundation" within 60 days of the end of the 180-day check-cashing period.

12.  **AGREEMENT NULL AND VOID IF NOT APPROVED BY THE COURT.** If the Court declines to approve this Agreement, then this Agreement shall be null and void and the Lawsuit will continue pursuant to a schedule to be set by the Court with all parties and putative class members retaining all claims and defenses that existed at the time of settlement. This paragraph shall not take effect if the Court orders any changes to this Agreement that do not affect its material terms.

13.  **NO ADMISSION OF LAW OR FACT.** If this Agreement becomes null and void for any reason, the provisions of Rule 408 of the Federal Rules of Evidence will apply. The parties agree that no party has made any admission of law or fact, or combination thereof, in this Agreement.

14.  **NO ADMISSION OF LIABILITY OR LACK OF MERIT.** Neither this Agreement nor any negotiations shall be construed, offered, received as, or deemed

to be evidence of an admission or concession by any party regarding the merits of the Lawsuit or any liability or wrongdoing, whether alleged in the Complaint or otherwise.

15. **ENTIRE AGREEMENT**. The parties acknowledge that this Agreement constitutes the entire agreement among the parties and includes all representations of every kind and nature made by any party to any other party. Any other earlier or contemporaneous oral or written agreement regarding the Agreement's subject matter shall have no force or effect.

16. **AMENDMENTS.** The parties cannot alter or modify this Agreement except by an instrument in writing executed by each of them.

17. **AGREEMENT NOT TO BE CONSTRUED AGAINST ANY PARTY**. The parties agree that no party shall be deemed to have drafted this Agreement in the event that any provision of this Agreement must be construed to determine its meaning.

18. **COUNTERPARTS**. This Agreement may be executed in any number of counterparts, with signatures transmitted via facsimile and/or electronically scanned and mailed formats, each of which together shall be deemed one and the same instrument. Any facsimile, PDF, or other electronic signature to this Agreement shall be treated and deemed as an original signature.

19. **AUTHORITY**. Each person executing this Agreement on behalf of any party hereby warrants and represents that such person has the full authority to do

11

so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

20.    **AGREEMENT TO COOPERATE FOR APPROVAL OF SETTLEMENT**. The parties agree to cooperate and provide their best efforts in seeking the Court's approval of this Agreement and in implementing its terms. The parties shall cooperate in taking any steps that may be necessary or may be requested by the Court to obtain final approval of this Agreement.

21.    **CHOICE OF LAW**. Where state law applies, this Agreement shall be governed by and interpreted in accordance with the laws of the State of Wisconsin.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement with

the intent to be legally bound by its terms and conditions.


Date: _____     By: _____

                                  Printed Name: Zachary Colvin

                                  Title:  Class Representative


Date: _____     By: _____

                                  Printed Name: _____

                                  Title: _____

                                  For Southwest Health Center, Inc.

**REVIEWED AND APPROVED AS TO FORM:**

                                  **HAWKS QUINDEL, S.C.**

                                  By: _____

                                  Printed Name: David C. Zoeller

                                  Title:  Class Counsel


                                  **QUARLES & BRADY LLP**

                                  By: _____

                                  Printed Name: Sean Scullen

                                  Title:  Attorneys for Defendant

13